ANNA TURSI, Owner, *v.* CARMINE ESPOSITO, Occupant.

Municipal Court of the City of New York, Borough of Brooklyn,
February 28, 1949.

*Joseph Tursi, Jr.,* for owner.

*Morris Ehrlich* for occupant.

*Nathan W. Math* and *James Dwyer* for Temporary City Housing Rent Commission of the City of New York, *amicus curiæ.*

BECKINELLA, J. By this proceeding the owner seeks to evict the occupant claiming he is an employee.

The occupant resists, claiming his status is that of tenant.

The Temporary City Housing Rent Commission of the City of New York obtained permission to appear herein *amicus curiæ* asserting the question involved to be one of public importance.

The salient facts are these: In 1940 the owner converted premises herein known as No. 163 Park Avenue, from a cold water to a centrally heated building consisting of six apartments and two stores. The owner's husband went to see the occupant at his home on Claremont Avenue and asked him if he would act as his janitor and occupy a vacant four-room apartment in his newly converted building. The occupant answered in the affirmative and it was thereupon agreed between them that the entire rent for the apartment would be $33 per month with an allowance of $15 for his services.

Thereupon the occupant went into possession of the apartment and continuously performed duties as janitor until the fall of 1948, when he announced to the owner that due to physical reasons he no longer desired to render services as janitor, but would remain in the apartment and pay the full rent of $33 in cash. The owner refused this proposal, served upon the occupant a ten-day notice terminating his employment and without any other legal preliminaries instituted the proceeding.

The question is, was it obligatory upon the owner to have applied for and obtained a certificate of eviction from the temporary city housing rent commission as a condition precedent to commencing this summary proceeding?

To answer this question, it must first be determined whether Esposito entered into possession of the apartment in the status of a servant, that of a tenant, or in the dual capacity of each.

The test is stated to be that: " If the occupation is incidental to the service, or if it is required, expressly or impliedly, by the employer for the necessary or better performance of the service, it is then for his benefit, and, as a general rule, the relation of landlord and tenant does not exist." (1 New York Law of Landlord & Tenant, § 79, p. 139.)

It is crystal clear from the evidence that when the owner sought out Esposito, and made him the proposition he did, he was seeking to acquire a janitor rather than a tenant. The very first question that was asked of him was " Do you want to be janitor ". The offering to him of the apartment was undoubtedly not only as an inducement to have him accept the post of janitor but also that he would be more accessible and thus the better perform his duties. Under these circumstances it cannot be said that Esposito's occupancy was in the dual capacity of servant and tenant.

As was said in *Maio* v. *Borrelli* (194 Misc. 735): " While there is no inconsistency between the relation of landlord and tenant and master and servant, *it must appear either that the*

*parties themselves did not treat the occupancy as an incident of the employment, or that it was expressly agreed that both relationships shall subsist simultaneously. (Mead v. Owen, 80 Vt. 273.)*" (Emphasis supplied.)

It is urged on behalf of the occupant that inasmuch as he paid some rent in cash, especially so as it exceeded the amount allowed for the services, he comes within the scope of the definition "tenant" as defined in the local rent laws, and hence cannot be evicted unless a certificate is first issued by the temporary city housing commission. Section U41–7.0 of the Administrative Code of the City of New York defines tenant as follows:

" 'Tenant.' A tenant, subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any apartment as herein defined."

The cases of *Filmat Realty Corp.* v. *Carleo* (186 Misc. 717) and *Cosvira Realty Corp.* v. *Hertelendy* (61 N. Y. S. 2d 283) cited by the occupant are no help to him. In both these cases the occupant admittedly went into possession as a tenant. The court held in each case that the original tenancy was not destroyed by the tenant agreeing to perform services in return for an allowance in reduction of rent.

I am constrained to hold herein that the mere fact that the occupant paid some "rent" is not determinative of his status. The parties agreed in effect that the rental value of the apartment was $33 and the value of the services rendered was $15; the only way, therefore, that the balance could be paid was in cash. It in no way negatived the fact that unless Esposito accepted the employment, the owner would not have allowed him to take possession of the apartment.

The occupant having agreed to the arrangement could not change the nature of his holding by unilateral action. Nor does he come within the protection of the local rent laws. If the local legislative body that enacted them had intended to protect this class of occupants it would have done so in clear and unmistakable language. They are derogatory of the common law and must be strictly construed. The reasons that impelled the court to hold that the superintendent in the *Maio* v. *Borelli* case (*supra*) was outside the protection of the Federal statute against evictions there under discussion apply with equal force here.

Accordingly final order is granted to the employer-owner.