[No. 36331.  Department Two.  September 26, 1963.]

BILL BOLEY, *Appellant*, v. MILTON LARSON *et al.*,
*Respondents.*\*

*Paul B. Fournier* and *John E. Close*, for appellant.

*Parker & Parker*, for respondents.

FINLEY, J.—The plaintiff-appellant, Bill Boley, com-
menced the instant suit for damages arising from injuries
he sustained while employed on a potato farm, owned and
operated by Milton and Shirley Larson (defendants-
respondents).  Mr. Boley has appealed from a judgment
that sustained the defendants' challenge to the legal suf-
ficiency of the evidence at the conclusion of the plaintiff's
case to the jury.

Mr. Boley, while engaged in the harvesting of potatoes,
suffered his injuries when he fell from a truck which was
being unloaded by the "barn crew."  A different crew, the
"field crew," working a few miles from the barn wherein
the potatoes were unloaded and stored, removed the pota-

\*Reported in 385 P. (2d) 326.

toes from the ground and loaded them into waiting trucks by means of a mechanical potato digger.

The trucks used for carrying the potatoes to the storage barn are equipped with specially designed bins. These bins, constructed to facilitate unloading, have sloping sides near the bottom to funnel the potatoes onto a chain conveyor built into the floor of the bin. The upper sides of the truck are perpendicular to the bottom of the bin. The left side of this truck bin is some 10 inches lower than the right, to permit the mechanical potato digger in the field to drop the potatoes into the bottom of the bin without unduly bruising them. This lower left side is equipped with a "dropboard," which extends its entire length. The dropboard is hinged so that when it is raised to its upright position the left side of the truck equals the height of the right.

■ Digressing from the evidentiary pattern, we again refer to the procedural posture of this case and, in this connection, discuss the legal principles which we think are dispositive of this appeal. In essence, we are concerned with the action of the trial judge, presiding over a jury trial, (a) granting a motion challenging the legal sufficiency of the plaintiff's evidence, and (b) dismissing the lawsuit. We have stated on numerous occasions (see *Miller v. Payless Drug Stores of Washington* (1963), 61 Wn. (2d) 651, 379 P. (2d) 932) that, in ruling upon a motion challenging the legal sufficiency of the evidence, the evidence of the nonmoving party must be considered in the light most favorable to him; that no element of discretion is involved, and that such motions can be granted only when it can be held as a matter of law that there is no evidence or reasonable inference therefrom to sustain a jury verdict for the nonmoving party.

The evidence in this case, evaluated in the light most favorable to the appellant, would support the following factual determinations: The particular truck on which the appellant was injured had a front headboard which had become warped in such a manner to apply pressure to the front end of the dropboard when it was in its raised or upright position. This pressure made it more difficult to

press the dropboard into its raised position, and also tended to hold it upright, independent of the securing or locking pins. In the absence of such pressure, it was likely that the dropboard would swing downward, if the pins were not in position.

On the day in question, the truck was loaded in the usual manner under the direction of Milton Larson, who was operating the mechanical potato digger. The dropboard, after having been lowered and raised in the field, reached the barn in an upright position. The arrival of the truck coincided with the lunch hour of the workmen at the barn, and there was some delay in unloading.

In unloading the truck the procedure or common practice was to start the motor, which operated the chain conveyor on the bottom of the bin, to discharge as many potatoes as possible. In the course of this operation, it was necessary for someone to enter the bin from the rear of the truck to push the potatoes down onto the conveyor with his hands and feet. Mr. Boley entered the truck bin to assist in the unloading. While kicking the potatoes down onto the conveyor, he sat on the upright dropboard. It immediately swung down and out under his weight, casting him to the ground. The fall resulted in severe injuries.

The parties are in agreement that the dropboard would not have "collapsed" (to its down or open position) if the pins had been properly placed so as to lock the dropboard in position. They further agree that, had the pins been in place, the truck would have constituted a reasonably safe place to work. There is no contention that Boley failed to comply with the safe and customary unloading procedure when he sat on the dropboard to push the potatoes with his feet.

The absence of the locking pins appears to be the proximate cause of Boley's injury. In order to recover for that injury he has the burden of establishing here on appeal, by at least a reasonable inference, that the absence of the pins was due to some fault or negligence attributable to the respondents.

In considering the evidence and inferences therefrom most favorable to the appellant, he has made a prima facie showing of the following:

1. When the pins are properly placed, they are set at such an angle that they will not fall out during the trip from the field to the barn.

2. While the truck was at the barn, the unloading crew had no cause to tamper with or remove the pins, and no member of the crew did so.

3. Access to the truck by persons other than the members of the field crew or the unloading crew, without the knowledge of the crew members, is not indicated by the testimony.

The above-mentioned factors give rise to a reasonable inference that the truck left the field without the pins having been inserted. The respondent has argued that it would have been impossible for the dropboard to have remained upright in the absence of the pins while the truck was traveling over rough roads on the trip to the barn. But the evidence relating to the pressure exerted by the warped headboard, and the testimony that the potatoes were heaped toward the center in such a manner that little, if any, lateral pressure was exerted against the dropboard, reduce the respondents' argument to a question for the jury.

In order to hold the Larsons liable, it is necessary to find that there was not only a failure to insert the pins when the truck left the field, but also that the omission constituted negligence attributable to Larson in either his personal or supervisory capacity. Normally, the pins were inserted by the truck driver in full view of Mr. Larson (his position on the digger being some 6 feet from the side of the truck where the pins were located), and the dropboard was apparently raised pursuant to his direction.

We, therefore, conclude that the evidence and the inferences therefrom are sufficient to warrant the submission of the issue of negligence to the jury for its determination.

The trial court's oral opinion indicates that some reliance was placed upon the doctrine of assumption of the risk in ruling upon the challenge to the legal sufficiency of the evidence. We should point out that the trial court's disposi-

tion of this case occurred prior to our decision in *Siragusa v. Swedish Hospital* (1962), 60 Wn. (2d) 310, 373 P. (2d) 767, which eradicated the doctrine of assumption of the risk, regarding employee-employer relationships, from the jurisprudence of this state. See: *Handler v. Osman* (1962), 60 Wn. (2d) 800, 376 P. (2d) 439.

■ Respondents have argued that the judgment of the trial court should be affirmed on the basis that Boley was "contributorily" negligent as a matter of law. This court has said many times that in only the clearest of cases is it justified in determining that contributory negligence exists as a matter of law. *O'Brien v. Seattle* (1958), 52 Wn. (2d) 543, 327 P. (2d) 433. A condition precedent for such a determination is a conclusion that reasonable minds could not have differed in their interpretation of the factual pattern. *Owens v. Young* (1961), 59 Wn. (2d) 30, 365 P. (2d) 774.

With regard to the facts in the instant case, the respondents have asserted that the absence of the pins would have been apparent to anyone making a casual inspection; hence, the failure to make such an inspection constitutes contributory negligence as a matter of law. In view of testimony that there had been over 150 loads carried to the barn and unloaded without mishap, the jury might conclude that a reasonably prudent man would not have made an inspection. Moreover, the customary practice of entering the bin from the rear indicates that the workmen would not necessarily be placed in a position to observe the pins on the left side of the truck. Consequently, this is not one of those clear types of cases required for a finding of contributory negligence as a matter of law.

Having considered the evidence and reasonable inferences therefrom, we conclude that the trial court was not warranted in entering a judgment sustaining a challenge to the legal sufficiency of the evidence. The judgment accordingly is reversed. Costs will abide the final determination of the case.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.