[No. 36931.    Department Two.    June 25, 1964.]

ALBERT ALLEN, *Respondent*, v. JOHN WESLEY FISH et al., *Appellants.**

*Reported in 393 P. (2d) 621.

*Parker & Parker,* for appellants.

*Gladys Phillips,* for respondent.

DONWORTH, J.—A judgment was entered in the trial court upon the jury's verdict in favor of plaintiff. From that judgment, defendants appeal.

At the time of the accident in question, appellants were copartners operating a sawmill and chipping plant in Hoquiam, where logs were converted into chips for the manufacture of pulp. Respondent, as a one-man logging operator, bought stumpage, felled trees, bucked them into logs, yarded and loaded the logs on his truck, and sold and delivered them to various mills.

June 22, 1960, respondent delivered a truckload of 40 to 50 small logs, approximately 16 feet long and from 5 to 8 inches in diameter, to appellants' chipping plant, as he had done on previous occasions. The load was first scaled to determine the number of cords on the truck, then respondent backed the truck between two guide logs in front of a crane and grapple so that the load could be removed from the truck. The grapple consisted of two hooked arms that could be opened and closed around the logs by the crane operator as he removed the logs from the truck. After the truck was stopped, respondent removed the binder cables that held the load, thus leaving only the truck stakes to

hold the logs. Respondent then stepped back to a position approximately 35 feet ahead, and to the left, of his truck. The crane operator took off one load of logs with the grapple, dropping two logs before they reached the stock pile next to the crane. Respondent then returned to his truck to check his binder cables because one had hung up on the load. Thereafter, he resumed his former position in front, and to the left, of the truck.

█ The testimony is in direct conflict on the issue of how respondent received his injury. Appellants urge that there is no evidence to support a finding of negligence on their part. We agree that the evidence is conflicting on the issue, but we think the evidence is sufficient to support the jury's conclusion. In *Schorzman v. Brown, ante* p. 398, 391 P. (2d) 987 (1964), we said:

"When appellant's evidence is considered with the foregoing cases in mind, it cannot be characterized as overwhelming, but it is substantial (*i.e.* more than a scintilla), and since the evidence was conflicting upon the principal issue, we think the jury could find that there existed a steering defect of which appellant should have been warned by his employer. In such a situation, once the jury has reached its verdict, any inquiry by the court is foreclosed, unless, as a matter of law, the court can say there is no competent evidence or reasonable inference therefrom to support the jury's finding in favor of the nonmoving party. See, also, *Grange v. Finlay,* 58 Wn. (2d) 528, 364 P. (2d) 234 (1961)."

That case involved the granting of a judgment n.o.v., but we think the same reasoning is applicable to the position taken by appellants in this case.

Respondent testified that, when the grapple picked up the third load of logs, some of the logs dropped back on the truck, and, as the grapple cleared the edge of the truck, two more logs fell and struck a small pole lying on the ground, near which he was standing; the pole flew up, struck him on the right leg, and caused him to fall. Respondent then testified that his leg was broken either when he fell or when he was struck by the pole.

The testimony of appellants' witnesses supports respond-

ent's version of the accident in several material respects, except as to the proximate cause of respondent's broken leg. The principal conflict is what was the actual cause of respondent's broken leg. The crane operator did not notice respondent until he had finished unloading the truck. He testified that no logs fell on the left side of the truck in the area where respondent was standing. Another employee of appellants stated he did not see the accident, but, immediately thereafter, when he responded to respondent's calls, he observed a log approximately 8 inches in diameter and from 30 to 40 inches long near where respondent fell. Another employee testified that he looked up, on hearing the logs fall from the grapple, to see respondent fall backward. He did not see anything strike respondent, and later saw only a piece of lumber about 2 feet long near where respondent fell.

While the evidence supports respondent's claim that the grapple dropped some logs just prior to his injury, only he was able to supply a direct connection between the logs dropping from the grapple and his broken leg. It was for the jury to determine the credibility of the various witnesses. As stated above, we think there is sufficient evidence on the vital factual issue to support the jury's verdict.

The only expert testimony as to the proper operation of the crane and grapple was by a former safety inspector for the Department of Labor and Industries who was called by respondent and who stated that the grapple should be closed around the logs (which it was not in this instance) when a load is being moved. The crane operator testified that it would take too long to unload a truck if the grapple were to be closed completely each time it was used.

After a consideration of the record as summarized above, we are of the opinion that there was substantial evidence from which the jury could have found that the crane operator was negligent in the manner in which he unloaded the logs from the truck, and that appellants' negligence was the proximate cause of respondent's injury. Therefore, we think that the trial court did not err in denying appellants'

several challenges to the sufficiency of respondent's evidence.

■ Appellants further claim the trial court erred in not holding that respondent was contributorially negligent as a matter of law, and that the doctrine of volenti non fit injuria applies to this case. As we said in *Boley v. Larson,* 62 Wn. (2d) 959, 963, 385 P. (2d) 326 (1963):

"Respondents have argued that the judgment of the trial court should be affirmed on the basis that Boley was 'contributorily' negligent as a matter of law. This court has said many times that in only the clearest of cases is it justified in determining that contributory negligence exists as a matter of law. *O'Brien v. Seattle* (1958), 52 Wn. (2d) 543, 327 P. (2d) 433. A condition precedent for such a determination is a conclusion that reasonable minds could not have differed in their interpretation of the factual pattern. *Owens v. Young* (1961), 59 Wn. (2d) 30, 365 P. (2d) 774."

The jury was correctly instructed on both these issues, and we think that reasonable minds could differ as to these matters. This being so, this court is not warranted in holding otherwise as a matter of law.

Appellants next assign error to the trial court's denial of their motion to withdraw from the jury any consideration of loss of earnings by respondent. The stated reason for the motion was that there was not sufficient evidence to support the claim, and that, for the jury to find any amount for loss of earnings, it would have to base its findings upon pure speculation.

The jury was instructed that, in considering the amount of damages (in the event of a verdict for respondent), they should "take into consideration the nature, character and extent" of respondent's injury, "pain and suffering, if any," "permanent disability," including compensation for "medical and hospital expenses," and expenses that may be required in the future. They were also instructed that they could consider respondent's loss of earnings and impairment of earning ability, if any, as they found to be established by the evidence. They were not instructed to make any specific findings as to any such items of damage.

There is substantial evidence to support the trial court's instructing the jury as to all of the above items of damage, and the jury may well have based its verdict upon any one or all of the instructed items. Specifically, on the question of evidence to support the instruction on loss of earnings, there was testimony by respondent which, if believed by the jury, would support a verdict based upon loss of earnings. Respondent testified that he had not worked for about 2 years following the accident, and that when he did his leg continued to give him considerable trouble. A doctor testified that he was of the opinion that respondent would have more problems with the injured leg and that he would require further treatment. Respondent produced evidence of timber sales for part of a period of 2 years prior to the accident, and testified that his income for 1959 had been approximately $4,000. From this evidence the jury could conclude that respondent was entitled to at least a partial award for loss of earnings.

Many of appellants' objections to the verdict could have been cured had appellants requested that the question of damages be submitted to the jury by special interrogatories relating to the various items. Since this was not done, it is now impossible to attempt to separate the general verdict into parts. There is sufficient evidence from which the jury could find some basis for including in its award a loss of earnings. Under these circumstances, we cannot say that the trial court erred in refusing to withdraw from the jury's consideration respondent's claimed loss of earnings. See *Sherman v. Seattle,* 57 Wn. (2d) 233, 356 P. (2d) 316 (1960); and *Murray v. Mossman,* 52 Wn. (2d) 885, 329 P. (2d) 1089 (1958).

Next, appellants claim that the trial court erred in refusing to instruct that certain medical records could not be considered as evidence of negligence where the records purported to state how the accident happened. The records complained of were admitted in evidence without objection or comment by appellants' counsel. While the hospital records are generally admissible under the Business Records Act, all material contained therein is not automatically

made admissible. *Benjamin v. Havens, Inc.,* 60 Wn. (2d) 196, 373 P. (2d) 109 (1962); and *Young v. Liddington,* 50 Wn. (2d) 78, 309 P. (2d) 761 (1957). But we think counsel should have objected and pointed out the objectionable portion to afford the trial court an opportunity to pass on the question at the time the record was admitted. *State v. Morphis, ante* p. 260, 391 P. (2d) 212 (1964), and cases cited. Appellants' assignment of error in this connection is directed to the court's refusal to instruct the jury that they should not consider any statement therein as to how the accident happened. We think that it was within the trial court's discretion to give or decline to give such cautionary instruction, and there was no abuse of discretion in refusing to give the requested instruction.

■ Appellants further claim as error the trial court's refusal to give a requested unavoidable accident instruction. The jury was instructed upon the issues of negligence and contributory negligence, and that an accident is an "occurrence which could either have been unavoidable or could have been caused by negligence." To give the requested instruction in a case such as this, where there is no evidence tending to show that the accident was in fact unavoidable or that unusual conditions existed, would be superfluous. *Flaks v. McCurdy, ante* p. 49, 390 P. (2d) 545 (1964); and *Handler v. Osman,* 60 Wn. (2d) 800, 376 P. (2d) 439 (1962). We do not think that the trial court's refusal to give the requested instruction constituted reversible error. There was no abuse of discretion in refusing to give such instruction in the light of the evidence presented in this case. *Carraway v. Johnson,* 63 Wn. (2d) 212, 386 P. (2d) 420 (1963); and *Cooper v. Pay-N-Save Drugs,* 59 Wn. (2d) 829, 371 P. (2d) 43 (1962).

We find no error of law in the respects mentioned in appellants' assignments of error. Consequently, the trial court properly denied appellants' motion for a new trial. Since, in our opinion, the record discloses no reversible error, the judgment of the trial court is affirmed.

OTT, C. J., FINLEY and HAMILTON, JJ., and LANGENBACH, J. Pro Tem., concur.