[No. 38150.    Department Two.    October 27, 1966.]

BILL BOLEY, *Respondent*, v. MILTON LARSON *et al.*, *Appellants.**

*Reported in 419 P.2d 579.

*Parker & Parker,* for appellants.

*Paul B. Fournier* and *John E. Close,* for respondent.

WEAVER, J.—On the first trial of this personal injury action, the court sustained defendant's challenge to the legal sufficiency of the evidence at the conclusion of plaintiff's case to the jury. On appeal, this court reversed and granted a new trial, concluding that the evidence and the inferences therefrom were sufficient to warrant the submission of the issue of negligence to the jury. Further, the court held that it could not say that plaintiff was chargeable with contributory negligence *as a matter of law. Boley v. Larson,* 62 Wn.2d 959, 385 P.2d 326 (1963). Quoted with approval in *Allen v. Fish,* 64 Wn.2d 665, 669, 393 P.2d 621 (1964).

Upon retrial, the court submitted the issue of plaintiff's alleged contributory negligence to the jury,[1] but refused to

---

[1]In his brief, defendant states that "the court gave no specific instruction on contributory negligence" except to define it in instruction No. 4. The record does not support this contention. Instruction No. 5 states in part: "It is sufficient to bar a recovery by plaintiff if you

instruct the jury upon the fellow-servant doctrine. The jury returned a verdict for defendant.

The instant appeal is from an order that granted a new trial for the reason that "there is no evidence or reasonable inference from the evidence which could make an issue of fact for the jury as to the contributory negligence of the plaintiff." On appeal, defendant seeks judgment on the verdict or the reinstatement of the fellow-servant defense in the event the order granting a new trial is affirmed.

Plaintiff was injured on a farm owned and operated by his employer, defendant, while unloading potatoes from a truck.

The upper sides of the specially constructed potato bin on the truck are perpendicular to the bottom. The lower sides slope so that the potatoes are funneled onto a chain conveyer at the bottom of the bin. The upper left side is a drop board, approximately 10 inches in height, that extends the entire length of the bin. The drop board is hinged so that, when raised to the upright position, the left side of the truck equals the height of the right side. It is secured in an upright position by two locking pins. In the field, the drop board of the truck is lowered so that the truck may be loaded by a mechanical potato digger without dropping the potatoes an extended distance.

Defendant testified that the locking pins, which hold the drop board in an upright position, always were removed and replaced in the field before the truck began its return to the barn.

Plaintiff's sole connection with the truck was after it returned to the barn to be unloaded. It is necessary for a person unloading the truck to enter the bin, sit on the drop board, and push the potatoes toward the conveyer with his feet. Plaintiff was unloading the truck when he was injured. His evidence conclusively shows that he followed

---

find, by a fair preponderance of the evidence, that there has been established one or more acts of contributory negligence on the part of the plaintiff, and that such act or acts of contributory negligence proximately contributed to cause the injuries and damages complained of."

the unloading procedure established by defendant. When he sat on the drop board, however, it collapsed because the locking pins were not in place. Plaintiff was thrown to the ground and injured.

There is evidence, if believed by the jury, that justifies the conclusion that the locking pins were not inserted in the field, and that the drop board was held in an upright position because the forward end was bound by the warped headboard of the truck bin.

Defendant stated affirmatively that there was no need for any employee unloading the potato truck at the barn to inspect or to examine the sideboards to see whether the locking pins were properly inserted in the drop board.

After a careful examination of the record, we conclude, as did the trial court, that the evidence was insufficient to submit the issue of plaintiff's alleged contributory negligence to the jury, since the uncontroverted evidence discloses that plaintiff followed the unloading procedure established by defendant himself.

## I.

■ Granting or denying a motion for a new trial is largely within the discretion of the trial court except where pure questions of law are involved. *Rettinger v. Bresnahan,* 42 Wn.2d 631, 257 P.2d 633 (1953); *Gardner v. Malone,* 60 Wn.2d 836, 376 P.2d 651 (1962).

■ Contributory negligence is an affirmative defense; the burden of proving it rests on the defendant. If there is no evidence of contributory negligence, it is an error of law to submit the issue to the jury. *Hughey v. Winthrop Motor Co.,* 61 Wn.2d 227, 377 P.2d 640 (1963), and authorities cited.

Our review of the record does not disclose a single evidentiary fact or circumstance which would support a conclusion that plaintiff's conduct fell below the standard to which he should have conformed for his own protection; hence, it was error to instruct on contributory negligence, and the order granting a new trial must be affirmed.

## II.

In the event the order granting a new trial is affirmed, defendant (appellant) urges eight alleged errors that should be corrected upon a retrial of the issues. The claimed errors fall into three categories.

First: the court refused four requested instructions on contributory negligence. The first portion of this opinion is dispositive of the issues raised.

■■ Second: the court instructed that defendant owed plaintiff "the *positive* duty" of furnishing him a reasonably safe place in which to work. The word "positive" was apparently taken from our opinion in *Guy v. Northwest Bible College*, 64 Wn.2d 116, 390 P.2d 708 (1964), but it was not a part of a jury instruction in that case. All statements made by this court are not intended to be incorporated into jury instructions. *Vangemert v. McCalmon*, 68 Wn.2d 618, 627, 414 P.2d 617 (1966). We do not commend the use of the word "positive" in the instruction given; its use was inappropriate.

Third: the trial court withdrew from the jury's consideration the question of the possible negligence of a fellow servant.

The trial court struck the affirmative defense of the fellow-servant rule on the basis that it was too speculative. We think this was error.

There is evidence which, if believed, supports the conclusion that the locking pins (1) were not inserted in the field or, (2) if inserted, were possibly removed by one of the field crew. Such an act or omission must have been done by one of plaintiff's fellow servants, although it is possible that defendant himself was supposed to insert the pin in the field and forgot to do so. The record does not disclose that he personally performed this task.

The Restatement defines a fellow servant as follows:
§ 475. Definition of Fellow Servant.
Fellow servants are servants employed by the same master in the same enterprise or household and so related in their labor that, because of proximity or otherwise, there is a special risk of harm to one of them if the

other is negligent. Restatement (Second), Agency § 475.

The Restatement's applicable rule is:

§ 474. Statement of Rule.
A master is not liable to a servant or subservant who, while acting within the scope of his employment or in connection therewith, is injured solely by the negligence of a fellow servant in the performance of acts not involving a violation of the master's non-delegable duties, unless the servant was coerced or deceived into serving, was too young to appreciate the risks, or was employed in violation of statute. Restatement (Second), Agency § 474.

Plaintiff insists that defendant had a nondelegable duty to provide plaintiff with a safe place to work. With this we agree. Defendant, however, did in fact provide plaintiff with a safe place to work. Due possibly to an act or omission of one of plaintiff's fellow servants, the truck became unsafe. Once the truck reached the barn there was no way for defendant to prevent the pins from being removed, if in fact that was where the pins were removed. Whether the pins were inserted and removed, or never inserted by a fellow servant is a jury question.

The fact that one of the field crew rather than one of the barn crew may have been at fault does not bar the application of the fellow-servant rule, for, as set forth in the Restatement:

§ 478. Fellow Servant Rule; Separate Departments.

Servants employed in the same enterprise by the same master are not fellow servants unless they are so related in their labor that they are regularly or are likely to be in proximity to each other, or there is a special risk of harm to one of them if the other is negligent; but *one may be a fellow servant of another even though the other is employed in a separate department.* (Italics ours.) Restatement (Second), Agency § 478.

Since the trial court did not consider the sufficiency of defendant's requested "fellow-servant" instructions, we neither approve nor disapprove their form; for it is not the province of this court to write the instructions for a retrial of a case. *Ulve v. City of Raymond,* 51 Wn.2d 241, 250, 317

P.2d 908 (1957); *Reynolds v. Phare,* 58 Wn.2d 904, 365 P.2d 328 (1961).

The order granting a new trial is affirmed.

ROSELLINI, C. J., HILL, DONWORTH, and HAMILTON, JJ., concur.