Philip Wagner, J.
This is a proceeding to dispossess the respondent as a holdover. The case was submitted to the court on an agreed set of facts which are as follows:
The respondent tenant occupied the apartment from October, 1942 until May 1, 1961, during which period he paid rent. Thereafter, at the request of the then landlord, the tenant performed for the subsequent nine years janitorial services and received free rent in exchange for the services. The rent for the apartment filed with the rent commission is $30.41 per month.
The respondent maintains that he is a tenant and, therefore not a holdover.
It is an accepted principle of law that if the occupation is incidental to the service, or if it is required expressly or impliedly by the employer for the necessary or better performance of the service, it is then for the employer’s benefit and as a general rule the relation of landlord tenant does not exist. (1 New York Law of Landlord and Tenant, § 79, p. 139.)
*888 Here the respondent was already in possession when he was hired to do the janitorial services and such occupancy was not required by the employer expressly or impliedly to obtain better services.
The respondent admittedly went into possession of the apartment as a tenant and the original tenancy was not destroyed by the tenant agreeing to perform the janitorial services in return for free rent. (Tursi v. Esposito, 194 Misc. 498.)
When the respondent agreed to do the work of a janitor this did not terminate the original tenancy; the services were in consideration for the rent and the ‘ * rent as such was continued to be paid.” (Filmat Realty Corp. v. Carleo, 187 Misc. 377.)
After the respondent assumed the work of janitor there was a dual relationship, that of landlord and tenant and master and servant.
There is no inconsistency between landlord and tenant and master and servant. (Cosvira Realty Corp. v. Hertelendy, 61 N. Y. S. 2d 283.)
The agreement to perform the services was unrelated to the occupancy. The respondent took on a concurrent and independent relationship.
The court therefore finds that the respondent is not a holdover and dismisses the petition.