Harry W. Davis, J.
Petitioner purchased three buildings in 1969 from the then owner, a Mr. Merola. Respondent resided with her family in apartment B at 115 Elizabeth Street, New York City, one of the three buildings. She had been performing janitorial services for the three buildings for some 22 years before petitioner’s purchase, and continued to do so thereafter. For these services she had been receiving $116 per month and the apartment at 115 Elizabeth Street, rent-free.
In April, 1971, petitioner informed respondent that her services were no longer required and requested that she vacate the apartment on May 31, 1971. The respondent not having done so, this proceeding is now brought to obtain possession.
*635 The sole issue presented is whether the relationship is one of master-servant or landlord-tenant or hoth.
It is conceded that the three buildings were and are now rent-controlled, though the court has not been informed of any maximum rent for apartment B.
Respondent had been a tenant at 113 Elizabeth Street, another of the three buildings, from about 1937 to 1947. During this period and in accordance with the Emergency Price Control Act of 1942 and the Housing and Rent Act of 1947 the space occupied by this respondent at number 113, as well as all the other apartments in the three buildings, became controlled housing accommodations. In 1947 Mr. Merola asked her if she would perform the janitorial services for the three buildings, which she agreed to do for $116 per month plus the apartment rent-free. She also gave up her apartment at 113 and moved into 115. These are essentially the facts before me.
In the early English ease of Hughes v. Chatham (5 Man. & G. 54, quoted with approval in Kerrains v. People, 60 N. Y. 221, 226), it was said: “ There is no inconsistency in the relation of master and servant with that of landlord and tenant. A master may pay his servant by conferring on him an interest in real property, either in fee for years or at will, or for any other estate or interest, and if he do so the servant then becomes entitled to the legal incidents of the estate, as much as if it were purchased for any other consideration.”
In that ease a “master rope-maker in a royal dock-yard had, as such, a house in the dock-yard for his residence, of which he had the exclusive use, without paying rent, as part remuneration for his services, * * *. If he had not had it, he would have had an allowance for a house, in addition to his salary.” Since there was nothing “ ‘ to show that the claimant was required to occupy the house for the performance of his services, or did occupy in order to their performance, or that it was conducive to that purpose more than in any house which he might have paid for in any other way than by his services; and as the ease expressly finds that he had the house as part remuneration for his services ’ ” it was held that the rope-maker occupied as a tenant and not as a servant.
It has been stated that1 ‘ If the occupation is incidental to the service, or if it is required, expressly or implicitly, by the employer for the necessary or better performance of the service, it is then for his benefit, and, as a general rule, the relation of landlord and tenant does not arise.” (1 New York Law of Landlord and Tenant, § 79, p. 139.)
*636 There is nothing to show that the removal from 113 to 115 was required ‘ ‘ by the employer for the necessary or better performance of the service ’ ’; and surely, if she had remained in 113 and performed the janitorial services while residing at that address, the landlord-tenant relationship would continue even if her janitorial services were no longer required. (Filmat Realty Corp. v. Carleo, 186 Misc. 717; Mayer v. Norton, 62 Misc 2d 887.)
It seems clear to me and I so find, that when the respondent removed from 113 to 115 she still considered herself a tenant, and there is nothing in the evidence before me from which a contrary finding can be made. The occupancy of that apartment by respondent was moreover a part of the remuneration. Stated another way it meant that she was receiving more than $116 per month but the excess was canceled off as payment for the apartment. There was then a relationship here of ‘1 landlord and tenant with an allowance for services ”. (Filmat Realty Corp. v. Carleo, supra.)
I find that the respondent is a tenant of the premises and the petition is accordingly dismissed.