Arthur E. Blyn, J.
Is a tenant’s status to be determined by the outcome of a game of musical chairs? That is the question posed by landlord’s motion for summary judgment on its petition to recover possession of an apartment occupied by the tenant by reason of its termination of tenant’s position as superintendent. The tenant in her opposing papers in turn seeks summary judgment dismissing the petition of the landlord.
If this were a clear-cut case where a landlord gave possession of an apartment to an individual, hired as a superintendent, as an incident of such employment, there would be no question as to the outcome of this controversy. In such event the possession of the apartment is clearly incidental to such employment and no relationship of landlord and tenant arises. (1 New York Law of Landlord and Tenant [1937], § 79, p 139; Weisberg v Cohen, 129 App Div 496.)
It would be equally clear that where a tenant was in possession of an apartment and then subsequently undertook the job of superintendent in the building in which she had been residing and remained in the same apartment while performing the duties of her job, she does not lose her status as a tenant. During such period there exists a dual relationship of landlord and tenant and master and servant. (Tursi v Esposito, 194 Misc 498; Cosvira Realty Corp. v Heretelendy, 61 NYS2d 283.) It has thus been held that there is no inconsistency in the relationship of master and servant with that of landlord and tenant. (Kerrains v People, 60 NY 221.)
There is however a wrinkle in this dispute which prevents the presentation of either of these clear-cut questions for resolution by the court.
In this case the undisputed facts are that the respondent has been a tenant in the subject building for approximately 30 years. That at a particular point in time, in or about 1966 or 1968 (the exact year not being relevant) the tenant undertook the duties of superintendent in that building and was given a salary and permitted to live rent free. That her services were terminated by written notice dated November 15, 1974 effective as of November 30, 1974. That thereafter the within proceeding to recover possession of the apartment in which the tenant now resides was commenced.
*1056 The "wrinkle” in the case appears when one considers the area of disagreement between the parties as to certain other facts.
Landlord’s version: The prior superintendent had resigned. The tenant applied for the job. Upon the recommendation of the resigning superintendent she was given the job. That it was then that the tenant moved into and took possession of what the landlord describes as the "Superintendent's Apartment A, on the ground door. ’’(Italics added for emphasis.)
Tenant’s version: She was approached by a Mr. Jay Emanuel on behalf of the landlord and was asked if she would be interested in assuming the duties of superintendent for the building. She agreed and accepted the job. Some time after she had assumed the duties of the job and totally apart from and subsequent to her agreement to accept the position she had approached Mr. Emanuel and asked if she could move from her then apartment (Apt. 4-B) to the ground door apartment (A) previously occupied by the former superintendent. (Italics added for emphasis.) The reason she advanced for this request was that she was having trouble with her legs in climbing the several flights of stairs to Apartment 4-B. Her request was approved by Mr. Emanuel and she then, with her family, moved into Apartment A.
The landlord argues that this distinction, namely that upon her being hired as superintendent, the condition of the hiring was that she move to Apartment A, takes this case out of the ambit of the case law which stands for the proposition of duality of the relationship of master and servant and landlord and tenant in which the termination of the master-servant relationship leaves that of landlord tenant undisturbed.
The tenant stands on her version of the facts that when she undertook the duties of superintendent she still resided in her own apartment and that what transpired subsequently did not terminate the relationship of landlord and tenant.
The court, accepting the landlord’s version only for purposes of argument (it makes no finding to that effect), concludes that even proceeding on such version there is not presented an issue of fact which would prevent it from arriving at a decision on the merits.
The case of York Sham Wong Yee v Indelicata (67 Misc 2d 634) presents a dispute very much like the one at bar. In that case the tenant had resided in a building for about 10 years. She was asked by her landlord to take on the job of superin *1057 tendent for three buildings, the one in which she lived and two other adjoining buildings, all owned by the same landlord. It was necessary for her to move into an apartment in one of the other buildings in order to perform the duties of that job. The landlord terminated her services a number of years later and sought possession of her apartment on the basis of the termination of her employment. The court in that case held for the tenant stating: "and surely, if she had remained in 113 [the building she had lived in originally] and performed the janitorial services while residing at that address, the landlord-tenant relationship would continue even if her janitorial services were no longer required.” (Citing Filmat Realty Corp. v Carleo, 186 Misc 717; Mayer v Norton, 62 Misc 2d 887.)
The court is aware of, and sensitive to, the landlord’s difficult position with respect to the need for the apartment to house the new superintendent, there apparently being no other vacant apartments in the building, and the offer to the tenant of other apartments in buildings owned by the landlord at different locations. This situation however cannot serve to overcome the clear legal right of the tenant to her status as such in the present building where she has resided for approximately 30 years.
The landlord’s theory is akin to the game of musical chairs. That is that the tenant’s status depends on which apartment she is in when the music stops. In today’s apartment market particularly such status is a precious right and cannot be taken away by the outcome of such a game.
There are no issues of fact present in that even accepting the two versions the result must be the same.
Petitioner landlord’s motion for summary judgment is denied. Respondent tenant’s motion for summary judgment dismissing the petition is granted.