OPINION OF THE COURT
Margaret Taylor, J.
The facts underlying this CPLR article 78 proceeding are not in dispute.
Petitioner is a 74-year-old woman. She resides in an apartment located on Manhattan’s Lower East Side that is owned by the respondent Yee Fong Toy Assoc. Petitioner has resided in the apartment for virtually her entire life.
Originally, as early as 1915, petitioner’s parents were tenants of the apartment. Their 1915 rent was $3 per week.
Sometime during those early years petitioner’s father became the superintendent of the building. When petitioner’s father could no longer perform the superintendent’s duties, her mother assumed them in his stead. After her mother could no longer perform the duties, petitioner became the superintendent.
In 1943, while either petitioner or one of her parents was the building superintendent, the rent control laws were enacted.
In 1979 the respondent landlord which had purchased the building several years earlier, terminated petitioner’s *1095 employment. Subsequently, the respondent landlord sought to evict petitioner but the Civil Court ruled that petitioner was entitled to remain in possession of her apartment. (Yee Fong Toy v Garone (Civ Ct, NY County, L & T No. 106393/79.)
In 1980 petitioner applied to the office of rent control to have a “first rent” set for her apartment. The final result of that administrative process, which is the determination under review herein, ruled that the petitioner’s apartment is not subject to rent control.
At the inception of rent control the petitioner’s apartment was exempted from control, being “Dwelling space occupied by *** superintendents *** to whom the space is provided as part or all of their compensation without payment of rent and who are employed for the purpose of rendering services in connection with the premises of which the dwelling space is a part.” (Rent and Eviction Regulations of City of New York, § 2, subd g, par [3].) When petitioner’s employment terminated in 1979 this exemption ended.
The issue about which the parties disagree is the status of the apartment after the apartment’s employee-occupied exemption ended.
The commissioner contends that the termination of the exemption created a vacancy in the apartment pursuant to section 2 (subd f, par [17]) of the Rent and Eviction Regulations of the City of New York and that the premises are now decontrolled. He cites chapter 21 of the Laws of 1962, as amended by chapter 372 of the Laws of 1971, which provides that any accommodation decontrolled or exempt at the time of that chapter; enactment may not be subject to further control by the city. Respondent Joy further cites the case of Matter of Lavanant v Joy (NYLJ, Dec. 5,1978, p 7, col 2) construing that statute to mean that once an exempt apartment has lost its exemption it becomes decontrolled.
The court cannot agree with the respondent’s analysis of the facts, of the statute, or of the Lavanant case. The petitioners in Matter of Lavanant v Joy (supra) “were not tenants with rights under rent control, they were living in *1096 the premises rent free as exempt occupants under a contract of employment not a lease * * * Thus they were not parties requiring the protection of rent control and the decontrol statute [L 1962, ch 21, as amd by L 1971, ch 372] is applicable”.
To be distinguished from the Lavanant case is the petitioner sub judice who did not take the premises originally under a contract of employment but rather took them originally under a lease. Since the inception of rent control in 1943, petitioner and her family had a dual relationship with the premises’ lessor: that of landlord-tenant and that of master-servant. (Dobson Factors v Dattory, 80 Misc 2d 1054.) Whereas the commissioner argues that at the end of the exemption a totally new rent-paying tenancy was created, the court finds that at the end of the exemption the original landlord-tenant relationship still existed. This tenancy, created in 1915, continues to date, and is fully entitled to the protection of rent control.
The court’s findings are in keeping with the legislative history of chapter 21 of the Laws of 1962, as amended by chapter 372 of the Laws of 1971, which indicates that the statute was drafted so as not to take away any rights of tenants presently under rent control (Matter of Lavanant v Joy, supra, 2 McKinney’s 1971 Session Laws of NY, pp 2400-2401; Governor’s Memorandum, NY Legis Ann, 1971, pp 312, 560-561.)
The original tenancy which was in existence when the rent control regulations were promulgated is still protected by those regulations. The petitioner’s rights under rent control were not intended to be disturbed by chapter 21 of the Laws of 1962, as amended by chapter 372 of the Laws of 1971.
The court finds petitioner had rights under rent control in that the apartment was subject to rent control in 1943, albeit temporarily exempt for the period during which the petitioner was employed as superintendent. Upon termination of the exemption the apartment reverted to its controlled status. The commissioner’s determination to the contrary based upon the evidence before him, and his application of section 2 (subd g, par [3]; subd f, par [17]) of *1097 the Rent and Eviction Regulations of the City of New York, were clearly an error of law. (CPLR 7803, subd 3.)
Accordingly, the petition is granted, the determination of respondent is annulled and the underlying proceeding is remanded to respondent for further proceedings pursuant to section 36 of the Rent and Eviction Regulations of the City of New York.