OPINION OF THE COURT
Solomon Zuckerman, J.
Petitioner sues in a summary holdover proceeding to obtain possession of the respondent’s apartment. Respondent has interposed an answer in which he states that although his services as superintendent have been terminated he would like to continue in his present apartment as a tenant. Furthermore, the answer alleges a claim against the petitioner landlord for the return of security deposited for a former apartment and a claim for salary allegedly due him.
The testimony indicates that originally, on or about January 1, 1981, the parties executed a one-year lease covering Apartment No. ID in building 150-07 88th Avenue, Jamaica, New York; that after paying rent for January, the parties entered into an oral agreement of employment whereby respondent was hired as a superintendent of the apartment complex owned by petitioner at an agreed compensation, consisting of a salary of $180 per week plus a rent-free apartment. It appears that the tenant had been dissatisfied with Apartment No. ID as being too small and too close to the boiler room, and hence as part of his remuneration as superintendent the respondent was given a different apartment, being permitted to move from Apartment No. ID in building 150-07 88th Avenue and to *818 take up residence in Apartment No. 1A in building 150-07 88th Avenue, Jamaica, New York.
Under certain circumstances, an employer-employee relationship and a landlord-tenant relationship may exist between the same parties at the same time and the termination of one is not necessarily fatal to the other. For example, where one enters into possession of premises as a tenant and later becomes an employee of the landlord, the termination of the employment does not necessarily mean that the landlord-tenant relationship is at an end. (Matter of Garone v Joy, 107 Misc 2d 1094; Mayer v Norton, 62 Misc 2d 887.) In Matter of Garone v Joy (supra), the petitioner originally occupied an apartment under a lease, subsequently became the superintendent and continued her occupancy and employment for many years, until her employment was terminated. The court found the existence of a dual relationship between the landlord and tenant, to wit, “that of landlord-tenant and that of master-servant” (supra, p 1096). The court went on to state (supra, p 1095) that “after the apartment’s employee-occupied exemption ended” the tenancy “created in 1915, continues to date, and is fully entitled to the protection of rent control” (p 1096). In Mayer v Norton (supra), the respondent tenant occupied his apartment for about 20 years and paid rent during this period. Thereafter, for nine years he performed janitorial services and in consideration therefor he was permitted to occupy the same apartment rent free. The court found (supra, p 888) that “After the respondent assumed the work of janitor there was a dual relationship, that of landlord and tenant and master and servant” and that “the agreement to perform the services was unrelated to the occupancy.”
The instant case is distinguishable from both Matter of Garone and Mayer v Norton (supra), in that the tenants in both of these latter cases continued their occupancy and tenancy of their same apartments even after commencing their employment as superintendents whereas in the case at bar the respondent surrendered his apartment and there was a change of residency as part of the contract of employment. The court finds that when the tenant vacated Apartment No. ID at 150-07 88th Avenue and accepted residency in Apartment No. 1A at 150-07 88th Avenue, the *819 parties mutually and effectively canceled the lease pertaining to the tenant’s former apartment. The court further finds that in accepting Apartment No. 1A in 150-07 88th Avenue, as part of his employment agreement and as part of his compensation thereunder, the respondent exchanged his status of tenant for that of employee and the landlord-tenant relationship ceased to exist. (Katz Realty Corp. v O’Malley, NYLJ, Sept. 20, 1973, p 18, col 6.)
Accordingly, since respondent’s employment has been terminated, this summary holdover proceeding may be maintained and a final judgment of possession is rendered in favor of the petitioner landlord. Payment by respondent for use and occupation is fixed at the rate of $250 per month commencing as of May 1, 1981. Issuance of the warrant of eviction is stayed to June 30,1981, on condition that respondent pay the money now due for use and occupancy within seven days from the date hereof and continues to pay for use and occupancy at the rate fixed herein; otherwise petitioner may move to accelerate the issuance of the warrant of eviction. Respondent’s claims for the return of security allegedly deposited for a former apartment and for salary which he alleges due him may be pursued in a separate plenary action.