Arturo R. MORENO, Personal Representative of Oswaldo Moreno, Deceased, Plaintiff-Appellee,

v.

STAHMANN FARMS, INC., a New Mexico corporation, Defendant-Appellant.

No. 80–2252.

United States Court of Appeals, Tenth Circuit.

Sept. 27, 1982.

Rehearing Denied Nov. 12, 1982.

William W. Bivins of Bivins, Weinbrenner, Richards & Paulowsky, Las Cruces, N.M. (Neil E. Weinbrenner, Las Cruces, N.M., with him on the brief), for defendant-appellant.

Ken Cullen, Albuquerque, N.M. (John Cowan, El Paso, Tex., with him on the brief), for plaintiff-appellee.

Ray R. Regan of Bigbee, Stephenson, Carpenter, Crout & Olmstead, Santa Fe, N.M., on amicus brief for the New Mexico Farm & Livestock Bureau.

Before HOLLOWAY, BREITENSTEIN and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This is a diversity suit brought by plaintiff Arturo Moreno as personal representa-

tive of his deceased minor son Oswaldo. Defendant Stahmann Farms, Inc. appeals from a judgment awarding plaintiff $30,030 in damages for the death of Oswaldo, who drowned in an irrigation ditch near his home, which was provided by defendant on one of its farms. The district court, sitting without a jury, found the defendant negligent because it failed to provide a safe dwelling for its employee Arturo Moreno and his family. The court found that the total damages were $60,060; it denied recovery to decedent's father because of his contributory negligence, but found that the mother was not contributorily negligent.

There are four issues on appeal: 1) whether defendant had a duty to provide its resident employee with a safe dwelling, including building a fence around the house if necessary to protect small children from an open irrigation ditch; 2) whether, if such a duty existed, defendant satisfied that duty by making available upon request and free of charge fencing materials with which the employee could have built a fence; 3) whether the failure of defendant to build a fence was a proximate cause of the death of the child; and 4) whether the trial court erred in finding that the child's mother was not contributorily negligent.

Defendant is engaged in the production and sale of pecans. Its farms encompass approximately 3500 acres with an irrigation system spanning over 32 miles. Moreno was employed by the defendant as an irrigator. Although employees were not required to live on the farms as a condition of employment, Moreno was provided housing for himself and his family on one of the defendant's farms. One of the defendant's irrigation ditches was located approximately 100 feet from the house provided to the Morenos. Neither the irrigation ditch nor the dwelling was fenced, although the defendant provided fencing materials to its resident employees free of charge upon request. Moreno had lived in the house for almost a year before the accident and knew that he could obtain fencing materials, but he had not done so.

On the day of the accident the decedent's mother, Rosa Moreno, was playing outside with her six children. She went into the house to put her 6-month-old child to bed and called to the other children to come inside. When the children came in, she noticed that 21-month-old Oswaldo was not with them. She sent her oldest daughter, 7 years old, out to find Oswaldo. When the girl did not immediately return, Rosa Moreno joined the search and found Oswaldo floating in the irrigation ditch. Oswaldo died four days later of brain damage caused by drowning.

■ The first step in establishing whether defendant had a duty to provide the Moreno family with a safe dwelling is to determine the applicable legal relationship between the parties. The general rule is that when an employee occupies a house on the premises of his employer, and that occupancy is merely incidental to his employment, the relationship of landlord and tenant does not exist; rather, the rights and liabilities of the parties are governed by the law of master and servant. *See, e.g., Walton v. Darby Town Houses, Inc.,* 395 F.Supp. 553, 558 (E.D. Pa. 1975); *McWatters v. Union Oil Co.,* 80 F.Supp. 732 (N.D. Cal. 1948); *Miracle v. Stewart,* 278 Ky. 158, 128 S.W.2d 613, 615 (1939); *Mayer v. Norton,* 62 Misc.2d 887, 310 N.Y.S.2d 576, 577 (1970). The same rule applies when, as here, the occupancy is not required as a condition of employment, *Mayer v. Norton,* 310 N.Y.S.2d at 577; *Mead v. Owen,* 80 Vt. 273, 67 A. 722 (1907), and when the servant occupies the dwelling with his family, *Eaton v. R.B. George Investments, Inc.,* 254 S.W.2d 189, 196 (Tex. Civ. App.—Dallas 1952), *rev'd on other grounds,* 152 Tex. 523, 260 S.W.2d 587 (1953). In this case the Morenos were not tenants of defendant Stahmann Farms, because they had no independent right to remain on the property apart from the employment and they would not be living in the house except for the employment. This is not a situation in which the servant is paying rent for the premises, *see State v. Fox,* 82 Wash.2d 289, 510 P.2d 230, 232 (1973), *cert. denied,* 414 U.S. 1130, 94 S.Ct. 868, 38 L.Ed.2d 754

(1974), or has a lease giving him a separate right to possession, *see Walton v. Darby Town Houses, Inc.,* 395 F.Supp. 553.

The issue, then, is whether masters have a duty to provide their servants who reside on their premises with safe dwellings, including fencing the houses if the servants have small children who might be injured if they are not fenced. The duty of employers toward their employees is articulated in *Arvas v. Feather's Jewelers,* 92 N.M. 89, 582 P.2d 1302 (1978):

"[T]he master is under a duty to exercise ordinary care to protect the servant from injury. Within the perimeter of this duty, the master must exercise reasonable care to provide a servant with a reasonably safe place in which to work."

582 P.2d at 1304 (emphasis omitted).

The language of the New Mexico Court of Appeals in *Arvas* intimates that the duty of care owed a servant by his master extends beyond the duty to provide a reasonably safe work place. By declaring a duty "to protect the servant from injury," the court's language would seem to cover the situation of masters providing housing for their servants; if housing is provided, it must be reasonably safe. Courts in other jurisdictions have recognized that employers have a duty to provide their resident employees with a reasonably safe place in which to live. *See, e.g., Wukaloff v. Malibou Lake Mountain Club,* 96 Cal.App.2d 147, 214 P.2d 832, 835 (1950); *Guiel v. Barnes,* 100 Conn. 737, 125 A. 91, 93 (1924); *United East & West Oil Co. v. Dyer,* 144 S.W.2d 989, 991 (Tex. Civ. App.—Texarkana 1940), *aff'd,* 139 Tex. 318, 162 S.W.2d 680 (1942). We believe this rule would be applied by the courts of New Mexico.

The trial judge found that the unfenced dwelling was not reasonably safe, and thus that Stahmann Farms was negligent in failing to provide the Moreno family with a safe place to live. An appellate court must accept a trial court's findings of fact unless they are clearly erroneous. *Castillo v. United States,* 552 F.2d 1385, 1388 (10th Cir. 1977); *Ahern v. Veterans Administration,* 537 F.2d 1098, 1100 (10th Cir.

1976). Evidence in the record indicates that the defendant's management was aware of the danger of an unfenced dwelling next to an irrigation ditch, that management knew the Moreno family had small children, and that the cost of putting a fence around the Moreno dwelling would have been minimal. The decision of the trial court is supported by the evidence and is not clearly erroneous.

Defendant argues that even if it had a duty to fence the Moreno dwelling, it satisfied that duty by making Arturo Moreno aware of its policy of supplying free fencing materials. But the duty is not to provide servants with the materials needed to make their dwellings safe, the master has a duty to make the dwelling safe. Like the duty of the master to provide its servants with a safe place in which to work, the duty to provide them a safe place in which to live should not be delegable. *See, e.g., Alber v. Owens,* 66 Cal.2d 790, 427 P.2d 781, 59 Cal. Rptr. 117 (1967); *Pollard v. Todd,* 148 Mont. 171, 418 P.2d 869, 872 (1966); *Haynie v. Haynie,* 426 P.2d 717, 723 (Okl. 1966); *Boley v. Larson,* 69 Wash.2d 621, 419 P.2d 579, 582 (1966). We affirm the trial court's holding that Stahmann Farms did not satisfy its duty to provide the Moreno family with a safe dwelling.

Defendant also argues that the trial court erred in finding defendant's negligence to be the proximate cause of Oswaldo Moreno's death. In New Mexico, if reasonable minds can differ on whether an action is the proximate cause of an injury, the question is one of fact. *Bryant v. United States,* 565 F.2d 650, 654 (10th Cir. 1977); *Griego v. Marquez,* 89 N.M. 11, 546 P.2d 859, 861–62 (1976). Because the record adequately supports the trial judge's factual finding that the defendant's negligence was a proximate cause of Oswaldo's death, we do not reverse that finding.

Defendant challenges the trial court's finding that Rosa Moreno was not contributorily negligent on three grounds: (1) she failed to build a fence around the house; (2) she assumed the risk by moving into the unfenced house; and (3) she failed to properly supervise her 21 month old child.

Assumption of the risk is no longer recognized in New Mexico as an affirmative defense. *Williamson v. Smith,* 83 N.M. 336, 491 P.2d 1147, 1148 (1971). Therefore, defendant's claims must be treated as alleging contributory negligence. Under New Mexico law, contributory negligence, like proximate cause, is a question of fact. *City of Albuquerque v. Redding,* 93 N.M. 757, 605 P.2d 1156, 1158–60 (1980). We will not reverse the trial court's finding unless it is clearly erroneous.

While Arturo Moreno's failure to build a fence was found to be contributory negligence, the trial court had a sound basis on which to distinguish Rosa Moreno's failure to fence the dwelling. The trial court found that Arturo knew about the policy of defendant to provide free fencing material but made no such finding about Rosa. The record supports the conclusion that Rosa was not aware of the defendant's policy.

Defendant's contention that Rosa Moreno was contributorily negligent by voluntarily moving into an unfenced dwelling was presented to the trial court and rejected. This ruling is supported by the record, which includes evidence that the move, while technically voluntary, may not have been voluntary as an economical and practical matter.

Defendant's claim that Rosa was contributorily negligent because she failed to supervise her child was also rejected by the court. The trial court expressly found that she had taken reasonable precautions for the safety of her son, recognizing that she could not have kept Oswaldo within her sight at all times. We cannot hold that the trial court's finding of no contributory negligence on the part of Rosa Moreno was incorrect as a matter of law.

AFFIRMED.