McCooe, J.
(dissenting). I respectfully dissent. The issue is whether a tenant who moves from one apartment to another apartment in the same premises to act as superintendent becomes an employee only subject to removal when his employment is terminated or does the landlord-tenant relationship survive.
This court summarized the applicable law in Gottlieb v Adames (NYLJ, Sept. 23, 1994, at 21, col 2):
“A superintendent who occupies an apartment as an incident of employment must vacate the living quarters upon termination of the employment, (e.g. Williams v. Casiano, N.Y.L.J. June 15, 1993 at 21 col 2 [App. Term, 1st Dept.]) However, if the superintendent moved into the premises as a tenant before becoming an employee, the initial landlord-tenant relationship survives the termination of employment. (C. & M.G. Assocs. v. Muniagurria, N.Y.L.J. Nov. 21, 1988 at 23 col 4 [App. Term 1st Dept.]
“Mr. Adames’ tenancy was neither incompatible with nor destroyed by his employment as superintendent. (York Sham Wong Yee v. Indelicato, 67 Misc.2d 634) The landlord-tenant relationship coexisted with the employment and survived it. *555 (Kwong v. Guido, 129 Misc.2d 211).” (See also, Dobson Factors v Dattory, 80 Misc 2d 1054.)
Superintendent cases fall into three basic fact patterns, although each case has its own nuances. The first is where the superintendent moves into the subject apartment from another building, not contiguous and owned by the same landlord. The superintendent is only an employee, clearly has no rights as a tenant and is subject to eviction. The second and third fact patterns are where the tenant resided in the subject premises when he was hired. The second fact pattern is where he remains in the same apartment and third fact pattern is where he moves to a different apartment to act as superintendent. The superintendent in the second and third fact patterns should retain the dual status of an employee and tenant when he is hired, and when terminated as an employee, he should retain his tenant status.
The fact that the superintendents had been tenants in the building for substantially longer periods of time than this respondent in the cases cited is a distinction without any real significance. The point is that they gave up their apartments at the request of a landlord to be superintendent. The fact that the superintendent in Gottlieb (supra), cited by the majority, initially paid rent in the subject apartment is of no consequence since for the last seven years prior to termination he also lived rent free. Nor is the fact that the Gottlieb superintendent moved from one apartment to a larger apartment while he was a superintendent of any significance. Rather than having trial courts deal with subtle factual distinctions of no legal significance resulting in inconsistent decisions, the better practice is to adopt a uniform rule as clear as the first fact pattern except that here the landlord-tenant relationship would remain after a termination of employment.
The judgment should be reversed and the petition dismissed.
Ostrau, P. J. and Parness, JJ., concur; McCooe, J., dissents in a separate memorandum.