## GENTRY v. SOUTHERN RY.

NONSUIT—NEGLIGENCE.—Judgment of nonsuit is proper under allegation of injury from negligence in using defective sill in car, on proof that sill gave way while the train was being operated in the usual or ordinary way.

MR. JUSTICE JONES *dissents*.

Before GARY, J., Spartanburg. Affirmed.

Action by M. O. Gentry, administrator of John Jackson, agent Southern Railway. From judgment of nonsuit, plaintiff appeals.

*Messrs. Stanyarne Wilson* and *H. E. DePass,* for appellant, cite: 25 S. C., 128; 26 S. C., 187; 61 S. C., 556; 16 Ency., 742; 22 S. C., 308; 2 Brev., 371; 51 S. C., 296.

*Mr. C. P. Sanders,* contra, cites: 1 Bail. Per. Inj. Mas. & Ser., secs. 363, 406, 365, 1660; 2 Thom. on Neg., 1053; 1 Shear. and Red. on Neg., 5 ed., secs. 222-3; 15 S. C., 456;

29 Fed. R., 840; 36 Kan., 666; 25 N. Y., 562; 39 N. Y., 468; 59 Fed. R., 479; 76 N. Y., 125; 85 Va., 489; 104 N. Y., 491; 132 Pa., 341; 83 Ga., 70; 59 Fed. R., 990; 41 L. R. A., 150; 1 Thom. on Neg., 364; 25 S. C., 135; 45 S. C., 278; 57 S. C., 433.

May 14, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained through the negligence of the defendant in killing John Jackson, on or about the 15th day of January, 1900. The fourth paragraph of the complaint is as follows: "Fourth. That on the aforesaid date and under the circumstances above mentioned, the defendant was carelessly, negligently and wrongfully using said locomotive engine, the sill of which, on the back end of the tender, was so weak and out of repair, that when said engine was attempted to be coupled by plaintiff's intestate, John Jackson, as was his duty, to the freight car on said side tracks above mentioned, the said sill broke, thereby causing the bumper, which was attached to the sill, to bend downward and under the tender of the said engine, whereby the said John Jackson, while in the discharge of his duty, as aforesaid, through the negligence, carelessness and wrongdoing of the said defendant, was crushed between said engine and freight cars which came together, and his leg was violently mashed and torn, and plaintiff's intestate received such injuries as to cause his death, at the time above mentioned."

At the close of the testimony the defendant made a motion for a nonsuit on the ground that "there is not a syllable of testimony to sustain the allegation of negligence alleged in the complaint that we had a weak, defective sill on that occasion."

His Honor, the presiding Judge, granted the following order: "On hearing the motion for a nonsuit in the above stated cause, made on the ground that the evidence introduced by plaintiff was not sufficient to sustain the allegations

17—66

of the complaint, and did not show that the defendant was negligent in the particular complained of; after hearing argument of counsel, it is ordered and adjudged, that the motion be granted, the plaintiff be nonsuited."

The plaintiff appealed upon the following assignments of error:

"1. In granting the motion for nonsuit, holding that plaintiff had not introduced evidence of negligence on the part of the defendant; whereas, plaintiff did establish by the evidence the negligence alleged in the complaint, to wit: (1) In having a defective and weak sill on the end of the tender, which broke while the deceased was attempting to couple it, thereby causing him to be crushed between the engine tender and the freight car; and (2) in carelessly, negligently and wrongfully using such engine with such sill; the testimony showing that the accident was necessarily due to one of two things, as alleged in the complaint: (1) Either that the sill was totally unfit for use, as shown by its giving way, or (2) that it was subjected to undue and excessive force by the negligent 'using or management of the engine;' the decided weight of the evidence being that it was the former of the two alternatives, as the testimony was that there was nothing unusual in the rate of speed of the engine in making the coupling.

"2. In taking from the jury the determination of the question of fact, whether it was probable, or even possible, under the testimony, for the accident, the details of which were proven, to have occurred otherwise than in the manner, and by the negligence alleged in the complaint; and in holding, in effect, that it was indispensable that defendant should, in effort to recover, prove positively and directly, and not by inference or circumstance, that the sill was weak and out of repair."

It will not be necessary to consider the exceptions in detail, as the practical question presented by them is whether there was any evidence tending to sustain the allegations of negligence. Our construction of the complaint is that the only

act of negligence specified as causing the injury was the defective sill. After carefully considering the testimony, we have failed to discover any facts from which it might be inferred that the sill was defective. . It cannot be success-' fully contended that the sill was defective from the mere fact that it gave way while the traain was being operated in the usual or ordinary manner.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE JONES *dissenting.* As there was evidence tending to show that the engine was operated with ordinary care, and as the evidence further tended to show that immediately after the injury the sill of the car with which the engine collided was split and the bumper bent under, with broken knuckle, it was possible for the jury to have drawn the inference that such defects in sill and bumper existed before the injury and caused the same, since such results do not usually result from collision with engines operated with due care. Under such circumstances, it ought to have been submitted to the jury to determine the issue of defective appliances as the cause of the injury, and nonsuit was improper. '