7629

HERBERT v. PARHAM.

MASTER AND SERVANT—NEGLIGENCE.—The danger incident to labelling
    bottles charged with pepsi-cola of bursting is not such as the law
    recognizes in an action for damages caused by bursting based on
    negligence.

Before DANTZLER, J., Charleston, January, 1910.
Reversed.

Action by James M. S. Herbert against C. W. Parham.
From judgment for plaintiff, defendant appeals.

*Messrs. Huger & Wilbur,* for appellant, cite: *Acts of
negligence alleged must be proved:* 66 S. C., 256; 57 S. C.,
433; 45 S. C., 278; 39 S. C., 43; 33 S. C., 198; 55 S. C.,
483, 25 S. E., 545. *No recovery when negligence alleged
is a surmise:* cases cited above and 179 U. S., 658; 200 U.
S., 480; 176 Fed., 69; 41 L. R. A., 478; 18 Eng. Rul. Cas.,
75. *Accident does not create presumption of negligence:*
72 S. C., 398; 69 S. C., 529; 66 S. C., 256; 39 S. C., 39;

82 S. C., 345; 75 S. C., 102; 59 Fed., 479; 166 U. S., 617;
140 Pa., 448; 18 L. R. A. (N. S.), 701. *Hiring a minor
servant to perform duties involving danger is not negli-
gence:* 93 Wis., 417; 1 L. on M. & S., sec. 18; 21 N. E.,
717; 41 L. R. A., 33; 125 N. Y., 737; 16 Atl., 737; 26 At.
374; 76 S. C., 452; 69 S. C., 529; 26 Cyc., 1092. *Defend-
ant only required to show he used due care:* 4 Wig. on
Ev., sec. 2493-4; 39 L. R. A., 842; 52 L. R. A., 933; 57
S. E., 751. *Master only required to furnish safe appli-
ances:* 75 S. C., 303; 34 S. C., 211; 65 S. C., 192. *Tests
by master:* 65 S. C., 192; 65 Fed., 482; 40 N. E., 173; 30
N. E., 750; 127 Fed., 92. *Inspection:* 26 Cyc., 1139; 12
So., 574; 20 Am. R., 331; 76 N. Y., 125. *Liability rests
on legal knowledge:* 83 S. C., 342; 35 S. C., 405; 15 S. C.,
443; 26 Cyc., 1142, 1168, 1144; 161 Mass., 153; 51 L. R.
A., 881. *Duty to warn:* 81 S. C., 1; 52 S. C., 323; 65
S. C., 192. *Liability:* 13 L. R. A., 668; 1 L. R. A. (N. S.),
298; 68 L. R. A., 342; 15 L. R. A., 821, 818; 41 L. R. A.,
3; 16 L. R. A., 214, 527; 6 L. R. A. (N. S.), 337; 13
L. R. A., 668.

*Messrs. Nathans & Sinkler,* contra, cite: *Duty to warn:*
85 S. C., 93; 102 Mass., 573; 101 N. W., 828; 11 Q. B. D.,
503. *Res ipsa loquitur:* 2 Jagg. on Torts, 938; Thomp. on
Neg., 939; 11 Fed. R., 438; 57 N. Y., 567.

July 18, 1910.   The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY.  This is an action for damages
alleged to have been sustained by the plaintiff through the
negligence of the defendant.

The allegations of the complaint, material to the ques-
tions under consideration, are as follows:

"That on or about the 10th day of August, 1908, the
defendant, C. W. Parham, employed the plaintiff, James
M. S. Herbert, a youth of tender years, to wit: twelve years

of age, to label the bottles containing the beverages or drink called pepsi-cola and other beverages, which said employment was dangerous, in that in the event the bottles were defective in construction, they were liable to explode after being charged with the said beverage, which danger was well known to the defendant, but unknown to the plaintiff. That on the 11th day of August, 1908, the first day after entering upon said employment, the defendant, knowing the dangerous character of said employment aforesaid, and knowing the youth and inexperience of said plaintiff, negligently, carelessly and in disregard of the plaintiff's safety, furnished to the plaintiff to be labeled, in performance of his duties, a bottle defective in construction, containing said beverage, which said bottle, by reason of its defective construction, was unable to withstand the pressure of the gases with which it was charged, and while being labeled by the plaintiff, exploded in his hands, and a piece of glass struck this plaintiff in his left eye, injuring the same severely, and seriously impairing his vision."

The defendant denied the allegations of negligence, and set up the defense of contributory negligence, in which it was alleged that the plaintiff was injured "through his own misconduct, in wilfully striking bottles together, after being warned and cautioned not to do so."

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit, on the following grounds:

"It is not proved that the defendant was negligent.

"It is not proved that the bottle was defective in construction, nor that defendant failed to use reasonable care in selecting and furnishing said bottle to the plaintiff.

"It is not proved that the defendant knew of any defect in the construction, or ought to have known of any such defect.

"It is not proved that defendant failed to give any adequate warning, under the circumstances of the case.

"But even if defendant had failed to give a proper warning, it is not proved that that failure was the operating or proximate cause of the injury.

"It is not proved that the defendant failed in any duty or care.

"There is no evidence to support the allegations of the complaint."

This motion, also a motion to direct a verdict, and for a new trial, were refused.

The jury rendered a verdict in favor of the plaintiff for nine hundred dollars, and the plaintiff appealed.

The analysis of the complaint shows that the plaintiff relies upon the following facts to establish negligence on the part of the defendant: (1) That the work of labelling the bottles was inherently dangerous; (2) that the danger, which was known to the defendant, but unknown to the plaintiff, arose from the fact, that if the bottles were defective, they were liable to explode after being charged; (3) that the defendant, with knowledge of the plaintiff's inexperience, negligently furnished a bottle to be labelled, which was defective, but it is not alleged that the defendant had knowledge of the defect.

The first question that will be considered is whether the labelling of the bottles was inherently dangerous.

The plaintiff did not introduce any testimony tending to prove that there was danger, other than that arising from the bursting of the bottle, and in his testimony he admitted (which fact we desire to emphasize), that the defendant had warned him against the danger of breaking the bottles by striking them together. He also testified that the defendant showed him how to label the bottles.

There is no doubt that the work of labeling bottles charged with pepsi-cola is attended with some danger, but the further question arises, whether the danger is such as the law recognizes when the action is based on negligence.

In *Minnier* v. *Sedalia W. & S. W. R. Co.*, 167 Mo., 112, the rule is thus stated: "Absolute safety is unattainable and employers are not insurers. They are liable for the consequences, not of danger, but of negligence; and the unbending test of methods, machinery and appliances is the ordinary usage of the business. No man is held by law to a higher degree of skill than the fair average of his profession or trade; and the standard of due care is the conduct of the average prudent man." It is held in *Brands* v. *St. Louis Car Co.* (Mo.), 18 L. R. A. (N. S.), 701, that a master is not negligent in failing to warn an employee of the danger of an explosion of an emery wheel, which he is set to work, where the danger of explosion is so slight as to relieve him of the charge of negligence in furnishing such wheel.

The Court therein uses this language: "The second proposition is, that the defendant, with actual knowledge that emery wheels were liable to explode, was negligent in not warning plaintiff of the danger incident to the working with emery wheels. But if we are right, that there was no negligence on the part of the defendant in using the said straight emery wheel, then in general use, and no testimony that such wheels were so inherently liable to break up as to require defendant to take notice that they were dangerous, it can not be said, we think, that the defendant had actual knowledge that such wheels were inherently dangerous.

"The plaintiff's own testimony demonstrates that he was directed how to work this machine, and it is not pretended that the wheel broke on account of any misuse of the same by plaintiff, and hence the fact that plaintiff was not told that emery wheels did explode or break, in some instances, in no wise contributed to cause this particular one to break or explode. The mere failure to inform plaintiff that emery wheels will explode at times, had nothing to do with causing this emery wheel to explode, and had he been told that

emery wheels, at long intervals, had been known to explode, it could not in any manner have lessened the likelihood of explosion in this case."

In the case of *Melchers* v. *Pale Ale Brewing Co.,* 140 Pa., 448, 21 Atlantic, 755, which was an action for personal injuries, it appeared that the plaintiff, while at work in the defendant's brewery, transferring bottled ale from shelves into boxes, was injured by the breaking of a bottle, and it was held that the Court properly refused to submit the defendant's negligence to the jury.

The Court used this language in that case: "The plaintiff sought to establish negligence by the defendant, upon the theory that the plaintiff was put to work involving latent dangers, and it was the defendant's duty to give the plaintiff warning of the danger. The difficulty with this part of the case is, if anything, more serious than the part we have been considering. It certainly can not be said that a service of merely removing bottles containing ale from shelves to boxes is a dangerous service in itself. In the ordinary case, in which this duty is held to arise, as *Rummel* v. *Dilworth,* 131 Pa. St., 509, 19 Atl. Rep., 345, 346, the employment of young and inexperienced persons to work amidst dangerous machinery, is the subject of consideration, and in rare instances, as that was, it is held that such a duty is imposed upon the employer. But that case is in no sense applicable to the facts of this case. Here the service was of the most simple and apparently harmless character, and the attempt to prove that there was, in point of fact, a latent danger was altogether unsuccessful. * * *

"This kind of liability is a very refined one at best, and the essential fact of the existence of the alleged latent danger, as the source of consequent duty as to information, must necessarily be clearly established before any charge of negligence in that respect can be sustained."

These views are in accord with our own cases of *Hicks* v. *Sumter Mills,* 39 S. C., 39, 17 S. E., 509; *Gentry* v. *Ry.,*

66 S. C., 256, 44 S. E., 728; *Edgens* v. *Mfg. Co.*, 69 S. C., 529, 48 S. E., 538; *Green* v. *Ry.*, 72 S. C., 398, 52 S. E., 45; *Green* v. *Power Co.*, 75 S. C., 102, 55 S. E., 125.

Having reached the conclusion that the labelling of the bottles was not dangerous in the eyes of the law, it was error to refuse the motion for nonsuit.

It is the judgment of this Court that the judgment of the Circuit Court be reversed.