17950

Legette JACKSON, Appellant, v. James E. POWE and Burness Bourne d/b/a Powe and Bourne, Respondents

(126 S. E. (2d) 841)

*Messrs. Frank E. Cain, Jr.,* of Bennettsville, and *Elliott D. Turnage,* of Darlington, *for Appellant,*

*C. Anthony Harris, Esq.,* of Cheraw, *for Respondents.*

August 13, 1962.

TAYLOR, Chief Justice.

This is an action for damages for personal injuries. Upon conclusion of plaintiff's evidence, the trial Judge granted defendants' motion for a nonsuit. It is from this Order that plaintiff has appealed.

The sole question presented is: Was there any evidence of negligence on defendants' part which would warrant submission of that issue to the jury?

Plaintiff, an employee of defendants, sustained personal injuries in an accident which occurred on the morning of October 3, 1958, while assisting in loading baled cotton on defendants' truck upon the premises of the Neil McKay Gin Co., at Wagram, Scotland County, North Carolina. The Neil McKay Gin Co. owned the premises where their business was conducted and provided a hydraulic lift for the pur-

pose of loading cotton bales upon trucks. Such bales were loaded by hydraulic lift which raised each bale by means of steel hooks attached to the lift. These hooks supposedly held the bale until they were released by the operator of the machine. At the time of the accident, plaintiff was standing at the rear of the truck guiding the bale in place when it fell upon plaintiff causing injuries complained of. The gin company normally provided two men for this loading operation; however, on this occasion they only provided the lift operator. Plaintiff was direccted by Sylvester Williams, defendants' truck driver, to hook the bales of cotton and to assist in their placement on the truck. Although this was the first time plaintiff had ever performed this operation at the *Neil McKay Gin Co.,* he had had considerable experience in this type work during his four years' employment with the defendants. As the last bale was being placed on the truckbed, plaintiff, who was standing at the rear of the truck in preparation to steady the bale after placement on the truck, was injured by said bale falling. Testimony is vague or nonexistent as to the cause for the bale falling; however, plaintiff testified that, "* * * if they don't let it down easy, it won't set there. But if you let it down fast, it will accidentally bounce off if you let it down fast. * * * if you let it down easy, it will set there right; but if you let it down fast, it's liable to bounce into the next bale and tumble off." On cross examination he testified, "It fell from the truck I reckon. I don't know where it fell from." There is no other evidence as to the cause of the bale falling; neither is there any evidence indicating that the lift was defective in any particular nor that the bale was improperly hooked.

It is undisputed that the hydraulic lift was the property of the Neil McKay Gin Co. and that the operator of said lift was an employee of the company. Plaintiff contends that Sylvester Williams, defendants' employee, selected the lift operator who thereby became an employee or agent of the defendants for the purpose of loading the bales of cotton upon the truck.

As a general rule, the peculiar duties that an employer owes to his employees and the rules which require him to use reasonable care to furnish safe places and equipment relate only to the premises and instrumentalities over which the employer has complete control and dominion. It appears that it was normal for the Neil McKay Gin Co. in the operation of its business to furnish a lift and operator to load cotton bales for its customers after ginning as part of its service. The lift operator was at all times an employee of the gin company, operating its equipment on its premises. Negligence, if any on the part of the lift operator under these facts, cannot be ascribed to the defendants.

An employer is liable to an employee for injuries received in the course of employment not because of danger which inheres in the employment but only by reason of negligence on the part of the employer. *Herbert v. Parham,* 86 S. C. 352, 68 S. E. 564, 35 L. R. A., N. S., 239; *Lyons v. R. D. Cole Mfg.,* 178 S. C. 520, 183 S E. 466.

Plaintiff also alleges that defendants were negligent in failing to provide plaintiff with a safe place in which to work, in failing to provide safe and suitable tools and instrumentalities, in failing to warn plaintiff of the defective nature of said tools, and that the operator was inexperienced and unaccustomed to operating said lift. The record is completely devoid of any evidence to support any of these allegations.

The general rule is that the master is under a nondelegable duty to his servant to afford him with reasonably safe instrumentalities with which to work and a safe place in which to work, *McBrayer v. Virginia-Carolina Chemical Co.,* 89 S. C. 387, 71 S. E. 980; *Lester v. Carolina, Clinchfield & Ohio Railway of South Carolina,* 93 S. C. 395, 76 S. E. 976; *Tucker v. Holly Hill Lumber Company,* 200 S. C. 259, 20 S. E. (2d) 704; however, an exception to the general rule is that a master is not liable for

injuries to his servant by reason of defects in places of work which are furnished by or under the control of a third person. *Wilson v. Valley Improvement Co.,* 69 W. Va. 778, 73 S. E. 64, 45 L. R. A., N. S., 271; *Crawford v. Michael & Bivens, Inc., et al.,* 199 N. C. 224, 154 S. E. 58.

Considering the evidence in the light most favorable to plaintiff, there is nothing tending to establish negligence on the part of defendants as the proximate cause of the injury; therefore, the nonsuit as ordered was proper.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.