582 P.2d 1302

**Denise B. ARVAS, Plaintiff-Appellee,**

v.

**FEATHER'S JEWELERS,**
**Defendant-Appellant.**

**No. 3131.**

Court of Appeals of New Mexico.

Aug. 1, 1978.

E. Douglas Latimer, Albuquerque, for defendant-appellant.

Donald C. Schutte and Robert R. Fredlund, Jr., Albuquerque, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Plaintiff sued defendant for negligence. Plaintiff and defendant were employee and employer, but the employer had not complied with the provisions of the Workmen's Compensation Act. This case was submitted to the trial court on a stipulation of facts, a deposition of plaintiff and affidavits filed. Judgment was entered for plaintiff and defendant appeals. We affirm.

The parties stipulated that on November 20, 1973, plaintiff was on duty in defendant's store. Christmas decorations were stored in the *attic area*. Plaintiff ascended to the attic to obtain the decorations for display below and, after ascending, *plaintiff fell off of the attic floor platform area and through a suspended ceiling*, landing on the store floor below. There were no witnesses. Plaintiff does not remember anything after reaching for a box of styrofoam. As far as she can recall, she simply lost her balance and fell off the platform. She had no idea how she fell, but she always exercised care when in the area. No one warned her that the ceiling was dangerous, but she herself considered the area dangerous and exercised extra caution when in the area.

This stipulation was only a partial statement of the facts. In addition to the stipulated facts, the trial court considered the deposition and affidavits. The trial court found that at the time plaintiff fell, the attic had an opening from a small platform onto the false ceiling. The opening was approximately four feet across, being located immediately beyond the small floor area.

The opening was not protected by a railing or other protective device. *The Christmas decorations were stored on the false ceiling* just beyond the small floored area, *and the only way plaintiff could get the decorations was to reach onto the false ceiling from where she stood on the small floored area way.* Defendant was aware of these conditions in the attic. *It was reasonably foreseeable that an employee or other person, in reaching for the Christmas decorations stored on the false ceiling might lose her balance, fall through the false, non-weight-bearing ceiling, onto the floor below.*

The trial court "concluded" that defendant owed plaintiff a duty to provide her with a safe place to work; that defendant, in storing Christmas decorations on the false ceiling of its attic, or in allowing them to be stored thereon, committed negligence as a matter of law; that this negligence was the proximate cause of plaintiff's fall; that common law defenses were not available by reason of defendant's failure to abide by the Workmen's Compensation Act. These conclusions of law are, in effect, mixed questions of law and fact.

■ The defendant did not challenge the trial court's findings. Defendant challenged the trial court's conclusions and the failure of the court to make a finding and a conclusion. Therefore, the findings of the trial court are correct and conclusive on appeal if the trial court's conclusions and the judgment are correct, based upon the facts found. *State ex rel. Newsome v. Alarid,* 90 N.M. 790, 568 P.2d 1236 (1977).

Defendant raises two points on appeal: (1) the trial court failed to apply the proper test and rules to determine the presence or absence of negligence of defendant; and (2) the trial court's findings on negligence and conditions of the premises are contrary to stipulated facts and unsupported by evidence. We disagree.

A. *The trial court applied the proper rules applicable to defendant's negligence.*

■ In common law master and servant cases, the master is under a duty to exercise ordinary care to protect the servant from injury. *Within the perimeter of this duty, the master must exercise reasonable care to provide a servant with a reasonably safe place in which to work.* Dawes v. McKenna, 100 R.I. 317, 215 A.2d 235 (1965); *Haynie v. Haynie,* 426 P.2d 717 (Okl.1966); *Sears, Roebuck & Co. v. Skeen,* 207 Okl. 180, 248 P.2d 582 (1952); *Smith v. Goodman,* 6 Ariz.App. 168, 430 P.2d 922 (1967); *Jackson v. Powe,* 241 S.C. 35, 126 S.E.2d 841 (1962); 56 C.J.S. *Master and Servant* §§ 171, 183 (1948); 53 Am.Jur.2d, *Master and Servant,* § 142 (1970). See, Annot., *Duty and liability of employer to domestic servant for personal injury or death,* 49 A.L.R.2d 317 (1956).

■ Defendant claims that plaintiff's "reach" is not sustained by substantial evidence. Although this issue is not reviewable, it is reasonable to infer that if plaintiff did not reach from the platform to the false ceiling area to retrieve the decorations, she would have to step from the platform area onto the false ceiling and plunge to the floor below.

The facts, and reasonable inferences drawn therefrom, establish that defendant failed to provide plaintiff with a reasonably safe place in which to work.

■ In passing, we note that plaintiff claimed defendant was negligent as a matter of law because the business was conducted in violation of § 59–14–5(A), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1975 Supp.), of the Occupational Health and Safety Act, (OSHA). It reads:

Every employer shall furnish to each of his employees . . . a place of employment . . . free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees.

After citing the statute, plaintiff was silent. Lawyers should not try to lead courts astray. "Nowhere in the Act or in its legislative history can be found any indication that . . . (the legislature) intended to allow additional civil actions instituted by aggrieved employees injured through viola-

tions of OSHA standards." *Otto v. Specialties, Inc.*, 386 F.Supp. 1240, 1242 (D.C.Miss. 1974).

The trial court did not err in applying the proper test and rules of law.

B. *The court's findings on negligence and condition of premises were correct.*

Defendant says:

Judge Ryan concluded that the plaintiff had to reach out over a suspended ceiling *through an area unguarded by railing or other devices.* The stipulated facts are contrary and there is nothing in the record upon which the judge could properly so conclude. [Emphasis added.]

■ Defendant claims that the stipulated facts are contrary to the court's finding that the opening from the platform area onto the false ceiling was not protected by a railing or other protective device. This argument is based upon the affidavit of Clinton Chandler, manager of defendant. Chandler explained the physical condition of the area from which plaintiff fell at the time of her fall. Chandler's affidavit stated that a round glass table top blocked the open area. Plaintiff testified that the four foot space was open, not blocked, at the time she reached for the Christmas decorations.

The parties did not stipulate that Chandler's affidavit in fact constituted the condition of the area at the time plaintiff fell. It was an "explanation." The trial court was not obliged to accept Chandler's "explanation" or the contents of his affidavit. The court believed the plaintiff. The area did not have a railing or any other object that blocked the opening through which plaintiff reached for the Christmas decorations and fell. The stipulated facts were not contrary to the trial court's findings.

The trial court's findings were sustained by substantial evidence.

C. *Contributory negligence was not an issue in the case.*

During the course of its argument, defendant claimed that plaintiff was blameworthy by reason of contributory negligence.

■ Under the Workmen's Compensation Act, where an employer is subject to the Act and has failed to comply therewith, an employee who sustains compensable injuries is afforded one of two remedies.

(1) An employee may maintain a civil action against the employer for damages suffered. In this action, the employer is denied the common law defenses of contributory negligence, assumption of risk and the fellow servant rule. Section 59–10–5, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1). *Addison v. Tessier*, 62 N.M. 120, 305 P.2d 1067 (1957); *Mirabal v. International Minerals & Chemical Corp.*, 77 N.M. 576, 425 P.2d 740 (1967).

(2) Under § 59–10–2, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1), an employee may in lieu of a common law action apply to the district court for compensation benefits under the Act. *Kempel v. Streich*, 196 N.W.2d 589 (N.D.1972); *State ex rel. Dushek v. Watland*, 51 N.D. 710, 201 N.W. 680 (1924), and the employer is also denied any common law defenses.

There is one exception to this rule. If an employer has less than four employees, the employer is not subject to the Workmen's Compensation Act and the Act "itself would not apply to the employer." An employer would be entitled to all common law defenses in a common law action for negligence brought by an employee. *Castillo v. Juarez*, 80 N.M. 196, 453 P.2d 217 (Ct.App.1969).

Defendant did not come within this exception. Although defendant argues that plaintiff was contributorially negligent, this argument is stalled.

Affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HERNANDEZ, J., concurring in result only.